UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Dale Smart,  #272017,<br>         Plaintiff,<br><br>vs.<br><br>John Edward "Buddy" Tesner;<br>Connie Jeanette "Jeannie" Tesner,<br><br>         Defendants.<br>_____ | C/A No. 3:06-451-GRA-BHH<br><br>Report and Recommendation |

## **INTRODUCTION**

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently incarcerated at the Lee Correctional Institution, serving a sentence entered by the Court of General Sessions of Union County. In the Complaint filed in this case, Plaintiff alleges that the Defendants, two Union County residents, violated his federal constitutional rights and poisoned him. Plaintiff's allegations stem from his relationships prior to his incarceration with both Defendants and their child or ward, the alleged victim in the criminal case that resulted in Plaintiff's current incarceration. Plaintiff claims that, in addition to their long-term poisoning of him with arsenic, both Defendants contributed to his current incarceration by giving false testimony against him in connection with the criminal case. Plaintiff seeks a trial by jury, reimbursement for court costs, and the criminal prosecution of Defendants for "poisoning, burglary, 1st degree criminal conduct, obstruction of justice, conspiracy, obstruction of freedom of speech and religion." See Entry 1, at 35; Entry 2, answer 2.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *see* Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *see* American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v. Bank of North America, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and

utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **_complete_** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and both Defendants are residents of South Carolina. Although it is not clear whether Plaintiff's allegations would be sufficient to support a finding that the $75,000 jurisdictional amount would be in controversy in this case, this does not matter in this case because, in absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction even though Plaintiff claims that Defendants violated his constitutional rights. This Court is not bound by such allegations and is entitled to disregard them if the facts do not support Plaintiff's contentions, as here. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question"

3

jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." See Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); *see also* Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); *cf.* Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

In order to state a claim for damages against anyone under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting *"under color of state law."* See 42 U.S.C. § 1983 (emphasis added); Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Because the United States Constitution regulates only the Government,

---

[2]To the extent that he claims constitutional violations, Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).

4

not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g.*, Blum v. Yaretsky, 457 U.S. 991, 1002 (1982).  To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. at 937; *see* United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen  Helpers of America, AFL-CIO, 941 F.2d 1292 (2d Cir.1991).  As noted, there are no allegations in Plaintiff's Complaint which attribute any of Defendants' actions to state action; therefore, the allegations contained in Plaintiff's Complaint do not establish "federal question" jurisdiction under § 1983 in this case.  Further, Plaintiff does not refer to any other federal law allegedly violated by Defendant's actions other than the alleged constitutional violations nor are there any allegations that Defendants have failed or refused to act because of racial, religious, gender or other illegal discrimination, and there are no other bases for the exercise of federal question jurisdiction evident from the face of the Complaint.  Poisoning, obstruction of justice, burglary, 1st degree criminal conduct, and conspiracy are all state-based criminal or civil causes of actions and they cannot be heard by this Court in absence of either federal question or diversity jurisdiction.  If Plaintiff wishes to pursue such claims, he should do so in state court, not in this federal court.

Moreover, even if federal jurisdiction were available for Plaintiff's claims against Defendants, to the extent that Plaintiff attempts to sue Defendants for giving testimony against him in connection with his criminal case, the Complaint would still be subject to at least partial dismissal under the doctrine of witness immunity.   It is clear that the Defendants, who apparently testified against Plaintiff, cannot be sued under 42 U.S.C. § 1983 for their providing testimony in Plaintiff's criminal case.  A rule of absolute witness immunity has been adopted by the  majority

5

of Courts of Appeals. *See* Brawer v. Horowitz, 535 F.2d 830, 836-37 (3d Cir. 1976) (lay witness in federal court; Bivens action); Burke v. Miller, 580 F.2d 108 (4th Cir. 1978) (state medical examiner; § 1983 action); Charles v. Wade, 665 F.2d 661 (5th Cir. 1982), cert. pending, No. 81-1881 (police officer witness; § 1983 suit); Myers v. Bull, 599 F.2d 863, 866 (8th Cir. 1979) (police officer witness; § 1983 suit); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978) (private witnesses and former assistant U.S. attorney; action under §1983 and the Fifth Amendment). Additionally, since the United States Supreme Court's decision in Briscoe v. LaHue, 460 U.S. 325 (1983), most circuits have rejected § 1983 claims alleging that the defendants who were testifying witnesses were not entitled to absolute immunity because they were engaged in a conspiracy with each other or with the prosecutor to offer perjurious testimony in a criminal case against the plaintiff. *See* Franklin v. Terr, 201 F.3d 1098, 1101-02 (9th Cir. 2000) (involving allegation of conspiracy between two testifying witnesses); Hunt v. Bennett, 17 F.3d 1263, 1267-68 (10th Cir. 1994) (holding prosecutor and police officer witness absolutely immune from claim of conspiracy to present false testimony); Snelling v. Westhoff, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam) (rejecting conspiracy claim and pointing out that plaintiff's conspiracy allegations were "conclusory"); McArdle v. Tronetti, 961 F.2d 1083, 1085-86 (3d Cir. 1992) (involving testifying witnesses); House v. Belford, 956 F.2d 711, 720-21 (7th Cir. 1992) (rejecting claim of conspiracy between prosecutor and testifying witness on ground of absolute immunity); Miller v. Glanz, 948 F.2d 1562, 1570-71 (10th Cir. 1991) (rejecting claim for conspiracy among testifying witnesses); Alioto v. City of Shively, 835 F.2d 1173, 1174 & n. 1 (6th Cir. 1987) (same).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B);

28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff seeks monetary damages in this case and both of Defendants in this case are immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Additionally, several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the important notice on the next page.

                              Respectfully submitted,

                              _____
                              BRUCE H. HENDRICKS
                              UNITED STATES MAGISTRATE JUDGE

February 28 , 2006
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**